UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERNEST L. MCCLOUDE, ) | |
| ) | CASE NO. 5:22CR650 |
| Petitioner, ) | 5:24CV1979 |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, ) | |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

Pending before the Court is Petitioner Ernest McCloude's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 44. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

McCloude contends that his conviction for felon in possession of a firearm under 18 U.S.C. § 922(g)(1) must be set aside as the statute violates the Second Amendment. Specifically, McCloude contends that under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Court must find 922(g)(1) to be invalid. The Court finds no merit in this argument as his argument is foreclosed by the Sixth Circuit. Post *Bruen*, the Sixth Circuit has maintained its many prior holdings that the felon in possession statute passes constitutional muster. *See United*

*States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024)("Because, as we discuss below, most applications of § 922(g)(1) are constitutional, the provision is not susceptible to a facial challenge.").

McCloude's motion to vacate is DENIED as he has failed to demonstrate any entitlement to relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

November 15, 2024                                  /s/John R. Adams
Date                                               John R. Adams
                                                   U.S. District Judge